UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| PURE LINE SEEDS, INC.,<br><br>                Petitioner,<br><br>v.<br><br>GALLATIN VALLEY SEED CO., INC.,<br><br>                Respondent. | Case No. 1:14-CV-00015-EJL<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION** |

## INTRODUCTION

On June 19, 2014, Chief United States Magistrate Candy W. Dale issued a Report and Recommendation ("Report"), recommending that Petitioner's Motion to Vacate the Arbitration Award be denied. (Dkt. 30.) Any party may challenge a magistrate judge's proposed recommendation by filing written objections to the Report within fourteen days after being served with a copy of the same. *See* 28 U.S.C. § 636(b)(1); Local Civil Rule 72.1(b). The district court must then "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* The district court may accept, reject, or modify in whole or in part, the findings and recommendations made by the magistrate judge. *Id.*; *see also* Fed. R. Civ. P. 72(b).

Petitioner filed objections to the Report to which the Respondent has filed its response. (Dkt. 31, 32.) The matter is now ripe for the Court's consideration. *See* Local Civil Rule 72.1(b)(2); 28 U.S.C. § 636(b)(1)(B).

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." Where the parties object to a report and recommendation, this Court "shall make a de novo determination of those portions of the report which objection is made." *Id.* Where, however, no objections are filed the district court need not conduct a *de novo* review. In *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003), the court interpreted the requirements of 28 U.S.C. § 636(b)(1)(C):

> The statute [28 U.S.C. § 636(b)(1)(C)] makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise. As the *Peretz* Court instructed, "to the extent de novo review is required to satisfy Article III concerns, it need not be exercised unless requested by the parties." *Peretz*, 501 U.S. at 939 (internal citation omitted). Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct. *See Ciapponi*, 77 F.3d at 1251 ("Absent an objection or request for review by the defendant, the district court was not required to engage in any more formal review of the plea proceeding."); *see also Peretz*, 501 U.S. at 937-39 (clarifying that de novo review not required for Article III purposes unless requested by the parties) . . . .

*See also Wang v. Masaitis*, 416 F.3d 993, 1000 & n.13 (9th Cir. 2005). Furthermore, to the extent that no objections are made, arguments to the contrary are waived. *See* Fed. R. Civ. P. 72; 28 U.S.C. § 636(b)(1) (objections are waived if they are not filed within fourteen days

of service of the Report and Recommendation). "When no timely objection is filed, the Court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Advisory Committee Notes to Fed. R. Civ. P. 72 (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir.1974)).

In this case, the Court has conducted a *de novo* review of those portions of the Report to which the parties have objected. The Court has also reviewed the entire Report as well as the record in this matter for clear error on the face of the record and finds as follows.

## DISCUSSION

The underlying procedural background and facts of this case are nicely articulated in the Report to which neither party objects. (Dkt. 30.) The Court incorporates the Report's full recitation of the background and facts in this Order. In short, this case involves Petitioner Pure Line Seeds, Inc.'s request to vacate an Arbitration Award entered on February 21, 2014 that resolves its contract dispute with the Respondent Gallatin Valley Seed Co., Inc. (Dkt. 1.) In issuing the Arbitration Award the Arbitrator, James R. Gillespie, declined to compel discovery sought multiple times by the Petitioner relating to the Respondent's 2013 total sales to its customers. The Arbitrator ultimately awarded Petitioner $19,823.36 in damages under the contract. (Dkt. 9-11, Ex. 25.)

In the Motion to Vacate the Petitioner claims the Arbitrator's decision should be vacated because the Arbitrator failed to consider certain discovery which, it argues, would have shown the Petitioner was entitled to a much larger damages award. (Dkt. 3, 4, 27.) The Report concludes that the Petitioner has failed to make the showing required by 10 U.S.C.

§ 10(a)(3) and (a)(4) of the Federal Arbitration Act (FAA) necessary to vacate an arbitration award. (Dkt. 30.) Petitioner's objections maintain the Report's conclusion is in error as it failed to find that the Arbitrator breached the integrity of the arbitral process by refusing to consider pertinent and relevant evidence and engaged in a manifest disregard for the law. (Dkt. 31.)

The objection does not challenge the Report's statement of the law. (Dkt. 31 at 3.) Instead, the Petitioner's objection argues that the Report improperly concluded that: 1) the Motion to Vacate seeks to revisit the merits of the Arbitrator's decision and 2) a different result would not have occurred had the discovery been provided and considered by the Arbitrator. (Dkt. 31 at 4.) Respondent counters that the Petitioner's objections ask this Court to again revisit the discretionary discovery rulings of the Arbitrator and to improperly review the merits of the underlying arbitration proceedings. (Dkt. 32.)

Having fully considered the Petitioner's objections, the response to the objections, and the entire record herein, the Court finds the Report's conclusions and findings are consistent with this Court's own view of the record. For the reasons stated in the Report, this Court finds that the Petitioner has failed to show a basis for vacating the Arbitration Award under either of Sections 10(a)(3) or (a)(4) of the FAA. Specifically, the Petitioner has not shown that the Arbitrator was guilty of misconduct in refusing to hear evidence pertinent and material to the controversy or engaged in manifest disregard of the law. *See* 9 U.S.C. § 10(a)(3) and (a)(4). The Petitioner's Motion to Vacate and objections to the Report instead reargue the Petitioner's disagreement of the discretionary discovery rulings of the Arbitrator.

**ORDER - 4**

(Dkt. 4.) Those arguments essentially ask this Court to reconsider the merits of the Arbitrator's decision, which is outside the scope of this Court's review. *See Biller v. Toyota Motor Corp.*, 668 F.3d 655, 664 (9th Cir. 2012); *see also Citigroup Global markets, Inc. v. Bock*, No. 10-24157-MC, 2013 WL 210253 (S.D. Fla. Jan. 17, 2013).[1]

Furthermore, the record does not support the Petitioner's argument that the Arbitrator "flatly refused to hear pertinent and relevant evidence" in violation of § 10(a)(3). (Dkt. 4, 27, 31.) As discussed in the Report, this Court's own review of the record reflects that the Arbitrator did consider the Petitioner's several discovery requests and theory of the case concerning the unique nature of the pea seed industry as it related to the need for discovery concerning the Respondent's 2013 pea seed orders. (Dkt. 8, 9, 30.)

Finally, the record does not show that the Arbitrator engaged in manifest disregard of the law in violation of § 10(a)(4). The record instead reveals that the Arbitrator considered the parties' theories of the case and his decision is supported by the materials in the record. That the decision was not in line with Petitioner's theory of the case does not mean the decision manifestly disregarded the law.

---

[1] That Petitioner's Motion to Vacate is premised on its disagreement with the merits of the Arbitrator's decision is evident from Petitioner's own reply brief stating:

> Pure Line made numerous other attempts to request the Arbitor hear this evidence, but its efforts proved fruitless. The Arbitor ultimately awarded Pure Line damages based on Gallatin Valley's theory, forming the basis for Pure Line's present request that this Court vacate the Arbitor's decision and remand this case to a new arbitral tribunal.

(Dkt. 27 at 5) (citations omitted).

This Court is in full agreement with the analysis and conclusions of the Report and, therefore, the Report is adopted and incorporated into this Order in its entirety. The Motion to Vacate the Arbitration Award is denied. Because the sole claim raised in the Complaint has been fully resolved, the case is dismissed with prejudice. (Dkt. 1.)

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED** that the Report and Recommendation entered on June 19, 2014 (Dkt. 30) is **ADOPTED** as stated herein and the Court HEREBY ORDERS that Petitioner's Motion to Vacate (Dkt. 3) is **DENIED** and the case is **DISMISSED WITH PREJUDICE**.

DATED: **July 24, 2014**

~~Honora~~ble Edward J. Lodge
U. S. District Judge