UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| PURE LINE SEEDS, INC., <br><br> Petitioner, <br><br> v. <br><br> GALLATIN VALLEY SEED CO., INC., <br><br> Respondent. | Case No. 1:14-cv-00015-EJL-CWD <br><br> **REPORT AND RECOMMENDATION** |

# REPORT

## INTRODUCTION

Before the Court is Respondent Gallatin Valley Seed Co., Inc.'s motion for attorney fees. (Dkt. 35.) In the arbitration proceedings, arbitrator James R. Gillespie entered an award in *Pure Line Seeds, Inc. v. Gallatin Valley Seed Company, Inc.*, American Association Case No. 77-502-000296-12, on October 15, 2013, finding in favor of Pure Line in the amount of $19,823.36. Pure Line, however, had claimed damages under its contract with Gallatin in the amount of $157,406.25. Pure Line filed a complaint and corresponding motion before the Court seeking a judgment vacating the arbitration award and remanding for further proceedings under 9 U.S.C. § 10(a).

The undersigned magistrate judge issued a report on June 19, 2014, recommending

**REPORT AND RECOMMENDATION - 1**

that the arbitrator's award be affirmed. The district judge adopted the report and recommendation on July 24, 2014. (Dkt. 33.) Now, Gallatin seeks attorney fees under Idaho law as the prevailing party in the action before this Court.

Having fully reviewed the record, the Court finds the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding delay, and because the Court finds the decisional process would not be significantly aided by oral argument, the motion will be decided on the record before this Court without oral argument. Dist. Idaho L. Rule 7.1(d).

Upon consideration of the parties' briefs, the relevant authorities and the record, the Court recommends that Gallatin's motion be denied.

## BACKGROUND

This Arbitration involved a dispute over a Sales Agent Agreement ("Agreement") entered into by the parties on January 31, 2009, in which Gallatin appointed Pure Line as a sales agent to sell Gallatin Valley pea seeds to customers designated in the Agreement ("Customers") in the territory of the United States east of the Rocky Mountains and Canada. The Court set forth the background to the dispute in its earlier report, and will not repeat that here. The following background facts are, however, pertinent to the instant motion.

The parties' Agreement did not contain an attorney fee provision. Rather, paragraph 9 stated that "[a]ny controversy, claim, counterclaim or dispute arising out of or relating to this Agreement or the breach thereof, shall be settled by arbitration in Boise, ID USA, in accordance with the Rules of Arbitration and Conciliation of the American

Arbitration Association …." (Dkt. 35-2 at 29.) Paragraph 15 stated that the contract "shall take effect and be construed in accordance with the laws of the State of Idaho, USA." (*Id.*).

In the arbitration proceedings, neither party argued its entitlement to attorney fees as a prevailing party under Idaho law. In Pure Line's brief presented to the arbitrator, it requested attorney fees, but did not cite any Idaho statutory provision. (Dkt. 9-10 at 23.) Similarly, Gallatin in its brief presented to the arbitrator did not make a request for fees. (Dkt. 15-1 Ex. A.) The Arbitor's Decision awarding Pure Line $19,823.36 simply stated that "[e]ach party shall pay its own attorney fees and costs incurred," without further elaboration. (Dkt. 9-11 at 2.) Later, Gallatin submitted a motion for attorney fees and costs, which the American Arbitration Association curtly addressed in an email correspondence, indicating "[t]he Award that was transmitted was final. The issue of attorney's fees and costs was addressed in the award." Decl. of Pfeil ¶ 10 (Dkt. 38 at 3).

Now, Gallatin invokes Idaho Code § 12-120(3) as the basis for its request for attorney fees. Gallatin claims it should be awarded $28,881.00 in attorney fees for its successful defense against Pure Line's motion seeking to vacate the award, and the resulting confirmation of the Arbitor's award.[1] Gallatin argues that, as a prevailing party in this litigation involving a commercial transaction, it is entitled to an award of fees under Idaho Code § 12-120(3).[2] Gallatin argues that an award of attorney fees under

---

[1] Gallatin does not claim any fees or costs associated with time spent during the arbitration proceedings.
[2] Idaho Code § 12-120(3) provides:

> In any civil action to recover on an open account, account stated, note, bill, negotiable instrument, guaranty, or contract relating to the purchase or sale of goods, wares, merchandise, or services and in any commercial transaction unless otherwise provided by law, the prevailing party shall be allowed a reasonable attorney's fee to be set by the court, to be taxed and collected as costs.

Section 12-120(3) is mandatory under Idaho law, given the gravamen of the arbitration dispute involved a commercial transaction. Gallatin next argues it prevailed in the proceedings before this Court, because Pure Line did not obtain the relief it requested. Gallatin further argues that the nature of the proceedings here are akin to an appeal, and as the prevailing party on appeal, it should be awarded fees. Gallatin provided its billing records, arguing the time expended and hourly rates were reasonable.

In opposition, Pure Line argues Gallatin is not entitled to attorney fees. It contends Gallatin's request for fees must be evaluated under the FAA, not state substantive law, given that the parties' Agreement did not expressly specify Idaho law applied to the dispute. Next, Pure Line asserts Idaho Code § 12-120(3) is inapplicable to these proceedings, because the proceedings here are not "to recover" on the contract, but rather were pursued to vacate or enforce the award.

## ANALYSIS

The standard of review bears repeating here. Under 10 U.S.C. § 10(a)(3) and (a)(4) of the Federal Arbitration Act, a United States district court may vacate an arbitration award under certain circumstances, such as where the arbitrator was "guilty of misconduct… in refusing to hear evidence pertinent and material to the controversy…" or "where the arbitrator[]… so imperfectly executed [his] powers that a mutual, final, and definite award upon the subject matter was not made." Section 10 represents the exclusive grounds for vacating an arbitration award. *Hall St. Assocs., LLC v. Mattel, Inc.*, 552 U.S. 576, 584 (2008). The party seeking to vacate the arbitration award bears the burden for

---

The term "commercial transaction" is defined to mean all transactions except transactions for personal or household purposes.

establishing grounds to do so. *U.S. Life Ins. Co. v. Superior Nat'l Ins. Co.*, 591 F.3d 1167, 1173 (9th Cir. 2010).

The Court's responsibility upon review of an arbitration award is to ensure that the arbitration act's due process protections were afforded. *Id.* The Court is not to impose the federal courts' procedural and evidentiary requirements upon the arbitration hearing. *Id.* As such, the scope of review is narrow and deferential. *Kyocera Corp. v. Prudential –Bache Trade Servs., Inc.*, 341 F.3d 987, 998 (9th Cir. 2003). The arbitration act provides "no authorization for a merits review." *Biller v. Toyota Motor Corp.*, 668 F.3d 655, 664 (9th Cir. 2012).

First, it bears noting that, based upon the record presented to the Court, the parties did not argue entitlement to fees before the arbitrator under Idaho Code § 12-120(3). The arbitrator appears to have considered the issue in his order requiring each party to bear their own costs and attorney fees. If Idaho Code § 12-120(3) was applicable to the parties' dispute, the Court would have expected the parties to raise the applicability of the statute before the arbitrator, given this Court is not authorized to conduct a substantive merits review. And, because the arbitrator determined that each party would bear its own costs and fees, it stands to reason that, by implication, Section 12-120(3) does not apply.[3] Considering the statute's mandatory application provides for the award of attorney fees to the prevailing party in any civil action in any commercial transaction, the arbitrator's

---

[3] *C.f. Erickson v. Flynn*, 64 P.3d 959, 967 (Idaho 2002) (finding Section 12-120(3) mandates an award of attorney fees on appeal as well as in the trial court). By citing *Erickson*, the Court does not mean to imply that the proceedings here are akin to an appeal, as will be explained later in this report.

award, by negative implication, renders Section 12-120(3) inapplicable.[4]

Next, the authorities relied upon by the parties support the Court's conclusion that Section 12-120(3) does not apply. In *Menke v. Monchecourt*, 17 F.3d 1007 (7th Cir. 1994), the United States Court of Appeals for the Seventh Circuit addressed whether the district court erred in finding attorney fees incurred in bringing an action for confirmation of an arbitrator's award were not recoverable. There, the plaintiff was successful in her arbitration action, and was awarded attorneys' fees under the Illinois Consumer Fraud Act by the arbitration panel. She sought additional fees incurred in filing her action for confirmation of the award.

The court noted that, absent (1) statutory authorization or (2) a contractual agreement between the parties, the American rule is that each party in federal litigation pays his own attorney fees. *Menke*, 17 F.3d at 1009. It first looked to the Federal Arbitration Act as the statutory authority governing the issue. Finding nothing in the Federal Arbitration Act which provided attorney fees to a party who successfully confirmed an arbitration award in federal court, it upheld the district court's determination and found it had no power under the FAA to award any additional attorney fees incurred in commencing an action for confirmation. *Id.*

Undeterred, Menke argued she was entitled to attorney fees upon successful confirmation of her award under the Illinois Consumer Fraud Act which, like Idaho Code § 12-120(3), authorizes an additional award of attorneys' fees incurred in defending against an appeal. *Id.* But the court pointed out there was "no comparison" between a confirmation

---

[4] The Court presumes the arbitrator found Pure Line the prevailing party considering it was awarded $19,823.36 on its claims. Pure Line simply was not able to prove entitlement to damages greater than that amount. Nevertheless, there was no explicit finding to that effect.

**REPORT AND RECOMMENDATION - 6**

proceeding and an appeal, due to the very limited role of the court in a confirmation action brought under the FAA. *Id.* Finding that there was nothing in the FAA to authorize a district court to go beyond confirming an arbitrators' award, it stood to reason that the district court could not award attorney fees to the party who successfully confirmed an arbitration award. *Id.* To do so, the court explained, would be "to bootstrap the Illinois Consumer Fraud Act's attorney fees provision into section 9 of the Federal Arbitration Act." *Id.* The court held that the district court, in confirming the arbitration award, "was not free to consider whether an additional award of attorneys' fees would be appropriate. Had it done so, the district court … would have essentially made an unwarranted modification of the arbitrator's award inconsistent with its limited review under the Federal Arbitration Act." *Id.* at 1010.

Ninth Circuit authority is not to the contrary. In *LaFarge Conseils et Etudes, SA v. Kaiser Cement & Gypsum Corp.*, 791 F.2d 1334 (9th Cir. 1986), Kaiser and counterdefendant Foley were ordered to arbitrate their construction contract dispute. Foley was awarded over 3 million dollars. The district court denied Kaiser's motion to vacate the award, and awarded Foley attorney fees incurred in opposing Kaiser's motion based upon the express terms of the parties' contract, which provided for recovery of attorney fees if "forced to litigate … in connection with a dispute arising out of the contract." *Kaiser*, 791 F.2d at 1339 n.14. Kaiser appealed. The Ninth Circuit confirmed the award in its entirety, concluding that Kaiser's motion was an action based upon the contract, thereby triggering

the contractual provision for attorney fees. *Id.* at 1340.[5]

Citing *Kaiser* and *Menke*, the Seventh Circuit in *Harter v. Iowa Grain Co.*, 220 F.3d 544 (7th Cir. 2000), upheld the district court's award of attorney fees to the successful party for proceedings following arbitration. Citing *Menke*, the court noted that the FAA does not authorize a district court to award attorney's fees to a party who successfully confirms an arbitration award in federal court. *Harter*, 220 F.3d at 557. Having so found, the court turned to the parties' contractual agreement. Finding that the contract expressly provided for attorney fees, cost of collection, and interest, the court, citing *Kaiser*, concluded the party who successfully defended against Harter's motion to vacate was entitled under the terms of the contract to seek reimbursement for fees expended in that defense. *Id.* at 558. *See also Brown v. Brown-Thill*, No. 13-1708, 2014 WL 3892962 (8th Cir. 2014) (holding that "if a contract does not authorize an award of attorney fees incurred in the arbitration itself, … it also does not authorize an award of attorney fees incurred in enforcing *or defending* the award in proceedings under FAA §§ 9-11.").

The outcome of all the above cases is that, absent an express provision in the contract, the FAA does not authorize an award of attorney fees. The Court does not find any express provision in the parties' agreement here authorizing an award of attorney fees to the prevailing, or any, party. And the arbitrator similarly did not find either party entitled to attorney fees. Paragraph 15, which simply states the contract must be "*construed*" in

---

[5] In *Kaiser*, the district court concluded a state statute encompassing attorney fees was incorporated by the contract terms. The terms provided only that Kaiser, not Foley, would be entitled to attorney fees if Kaiser was forced to litigate. However, Cal. Civ. Code § 1717 provides for mutuality of attorney fees if the contract limits one party to an award. The court did not consider § 1717 first, however. It looked to the terms of the parties' agreement. Once it found the agreement <u>expressly</u> provided for an award of attorney fees, and that the contract was to be interpreted in accordance with California law, only then did the court consider § 1717. *Id.* at 1339-41.

accordance with the laws of Idaho,[6] does not bootstrap Idaho Code § 12-120(3) into the parties' agreement absent an express provision clearly and unambiguously providing for an award of attorney fees incurred in enforcing the Agreement. In other words, the Court is not free to *incorporate* Idaho law. That is not what the contract states. Accordingly, the Court, based upon its limited role under the FAA, cannot award fees to Gallatin, and recommends its motion be denied. As a result, the Court need not consider whether the fees requested are reasonable, or the other arguments Gallatin raised.

## CONCLUSION

The Court will recommend that Gallatin Valley's Motion for Attorneys' Fees be denied. Pure Line and Gallatin each had an opportunity to be heard on its theory of the case, including the substantive application of Idaho Code § 12-120(3) in the proceedings before the arbitrator. The Court should not disturb the arbitrator's factual and legal conclusions, including the conclusion that each party should bear their own costs and attorney fees.

---

[6] The Supreme Court of Idaho in *Shawver v. Huckleberry Estates, LLC*, 93 P.3d 685 (Idaho 2004) set forth the rules of construction applicable to contracts. These rules include giving an unambiguous contract its plain meaning, which determination is made as a question of law. 93 P.3d at 692.

# RECOMMENDATION

**NOW THEREFORE IT IS HEREBY RECOMMENDED:**

1) Respondent Gallatin Valley Seed Co.'s Motion for Attorneys' Fees (Dkt. 35) be **DENIED**.

Written objections to this Report and Recommendation must be filed within fourteen (14) days pursuant to 28 U.S.C. § 636(b)(1) and Dist. Idaho L. Rule 72.1(b), or as a result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.

Dated: **October 06, 2014**

Honorable Candy W. Dale
United States Magistrate Judge